## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Adrian James Boan

    v.

Peninsula Y.M.C.A.

          Case No. (Law) 13097-FB

Isaac Smith

    v.

Peninsula Y.M.C.A.

          Case No. (Law) 12455-FB

          May 25, 1989

By JUDGE FRED W. BATEMAN

Plaintiff Smith was a non-member paying ($4.00) visitor on the defendant's premises on August 11, 1986, during which time he alleges that he was injured by a defective basketball rim.

Plaintiff Boan, age 10, was enrolled as a non-member paying guest ($50.00) in a summer camp operated by the defendant on July 10, 1986, when he fell from a tree (where a limb gave way) and sustained injuries.

The respective plaintiffs contend that they are without the bounds of the "charitable immunity doctrine" because their respective injuries occurred outside the charitable purposes of the defendant, and further that neither plaintiff was a beneficiary of the charity since they were paying guests.

For the purpose of deciding the issues in the above cases relating to charitable immunity, it is presumed that the defendant's charter sets forth a charitable purpose and that the plaintiffs were invitees. It is conceded that the issue of whether or not the charitable immunity doctrine is a defense against a non-member paying visitor/invitee, and whether or not such a person is a beneficiary of the charity is one of first impression.

The question of tort liability of a charitable institution has provided many judicial and legislative actions. Various grounds have been advanced for the immunity principle, *i.e.*, (a) the "trust fund theory" holding that to permit recovery violates the terms of the gifts to the charity; (b) the charity, in reality, in a governmental function and thus immune; (c) implied waiver for assent to immunity by the beneficiary of the charity; (d) broad grounds of public policy.[1]

Some jurisdictions have, from the outset, rejected the principle of immunity. Others give it limited application.[2] Immunity was withheld for corporate negligence in instances where the charity failed to use reasonable care in the selection and retention of employees.[3] Virginia first considered immunity in 1963[4] in a case where an invitee, on hospital premises, fell down an elevator shaft. The Court recognized the doctrine, criticized the "trust fund theory" and refused to extend the immunity doctrine to a stranger to the charity.[5]

In a later case[6] involving an action for wrongful death of an infant, the Court said the charity should be exempt from liability to those who accept their benefits

---

[1] 10 Am. Jur., Charities, sect. 144-148.

[2] Hill v. Memorial Hospital, et al., Inc., 204 Va. 501 (1963).

[3] Ann. 25 A.L.R. 2d 29.

[4] Hospital of St. Vincent v. Thompson, 116 Va. 101 (1914).

[5] Hill, supra, at p. 504.

[6] Weston's Admx. v. St. Vincent, etc., 131 Va. 587 (1921).

on a basis of public policy.[7] Recovery was denied the plaintiff on the ground that the hospital was not liable for the negligence of the nurse in treating the infant in the absence of a showing that the hospital was negligent in the selection and retention of the nurse. In a later case, *Norfolk Protestant Hospital v. Plunkett*,[8] the Virginia Court upheld a recovery by the plaintiff against a charitable hospital for damages resulting from the negligence of a nurse who, as the evidence showed, had been negligently selected and retained. The opinion stated that "the question of the liability of a charitable hospital for negligent acts of its servants has been settled in Virginia by the decision in the *Weston* case."[9]

In 1959 the Virginia Court, in *Memorial Hospital v. Oakes*,[10] refers to a plaintiff's judgment whose decedent died when an oxygen tent in which he was placed caught fire. While the Supreme Court held that the hospital was a charitable institution and immune from liability, the real thrust by the plaintiff was that the defendant furnished a defective oxygen tent and hence the hospital was liable under the doctrine of res ipsa loquitur because the tent was under the hospital's exclusive control. The plaintiff in the *Oakes* case pleaded with the Supreme Court to abrogate the immunity doctrine because public policy demands that such a hospital be liable for its torts and those of its employees.[11] In response, Justice Snead, speaking for the Court, said, "If it be considered desirable to abolish such immunity, it would be more appropriate for the General Assembly to act."[12] At the time of *Hill* in 1963, the General Assembly did not deem it appropriate

---

[7] Weston's Admx., supra, at 609.

[8] 162 Va. 151 (1934).

[9] Hill, supra, at p. 505.

[10] 200 Va. 878; 108 S.E.2d 388 (1959).

[11] Oakes, 200 Va. at p. 886.

[12] Oakes, supra, 200 Va. at p. 889.

to act.[13] The Court in *Hill* briefly discusses financial impact and liability insurance and then stated that its decision, as in *Weston*, was based on public policy and that in Virginia "a charitable hospital has, as to its patients, an immunity from liability for negligence unless it has failed to use due care in the selection and retention of its employees."[14]

In December, 1963, after *Hill* supra, the Court, in *Hospital Associates v. Hayes*,[15] considered, among other things, whether the plaintiff was a beneficiary of the charity. The plaintiff Hayes was a practical nurse employed by one Leonard to care for him while a patient in a semi-private room. Another patient, also occupying a semi-private room, became violent and injured Mrs. Hayes, for which she obtained a favorable verdict by the jury for damages. On appeal, the Court held that where a plaintiff is not a patient but is an invitee or stranger having no beneficial relation to the charitable institution, recovery for tort may be had if negligence is proved.[16] Further, one who upon request of a sick person accompanies him to a charitable hospital for treatment is an invitee, and the hospital owes a duty of ordinary care to have its premises in a reasonably safe condition during his visit.

The Court, in *Hayes*, declined the defendant's plea to broaden the immunity doctrine and also observed that the wisdom of exempting charitable institutions from liability in tort even as to its beneficiaries was not entirely free from doubt, but said nevertheless, it would be more appropriate for the General Assembly to abolish or relax the rule.

In 1974, the legislature enacted § 8.01-38 dealing with hospital immunity, qualifying the applicability of the charitable immunity doctrine as to hospitals.

---

[13] House Bill No. 145, 1962 Session of the General Assembly.

[14] Hill, supra, at p. 507.

[15] 204 Va. 703 (1963).

[16] Hospital Association v. Hayes, 204 Va. at 707.

The Federal Courts have interpreted the immunity doctrine in a manner similar to the Virginia Courts. Additionally, the Federal Courts, in applying Virginia law, extended the charitable immunity doctrine to a church in *Egerton v. R. E. Lee Memorial Church.*[17] In this case the plaintiff was injured while on the premises of a historical church. The Federal Court accorded immunity to the church even though there was no reported case in Virginia concerning immunity with respect to churches. In another Federal case, *Bodenheimer v. Confederate Memorial Association,*[18] plaintiff was injured while walking on the premises of the Memorial Association and, notwithstanding the fact that he had paid a fee for admission, the Court held that he was a beneficiary of the charity.

In *Ettlinger v. Trustees of Randolph-Macon College,*[19] a regular paying student brought an action against the college for alleged negligence in the maintenance of his dormitory. The Court held that the college was an eleemosynary institution and that the plaintiff was a beneficiary thereof, hence the suit was not commenced.

Charitable immunity, although modified in relation to certain specific circumstances, is recognized and is a part of the law of the Commonwealth. If and when it is considered desirable to abolish such immunity, it should be done, as in the past, by the legislature. *See Oakes, supra.* The General Assembly has, on at least six different instances in 1989, considered the immunity subject[20] without eliminating the charitable immunity doctrine.

Considering the respective briefs of the parties, argument of counsel, and the authorities cited herein, the Court is of the opinion that the defendant is a charitable institution and that the respective plaintiffs, notwithstanding their payment to the defendant, were on the

---

[17] 273 F. Supp. 834; 395 F.2d 381 (4th Cir. 1968).

[18] 68 F.2d 507 (4th Cir. 1934).

[19] 31 F.2d 869 (4th Cir. 1929).

[20] 1989 Acts of the Assembly, Chapters 160, 318, 422, 436, 500, and 729.

150

dates in question beneficiaries of the charity and precluded from recovery against the defendant.